IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-30003-DWD-03 |
| | ) |
| ANTHONY DOBBINS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Anthony Dobbins' Motion to Proceed with Motion Hearings via Video Teleconferencing (Doc. 497). For the reasons set forth below, the motion is **GRANTED**.

This case is set for trial on January 23, 2023. Presently, Dobbins has two pretrial motions pending: (1) Motion to Exclude Cellphone Evidence (Doc. 398) and (2) Motion to Suppress (Doc. 494). Dobbins has also joined in Co-Defendant Sean Clemon's Motion to Strike Surplusage (Doc. 393), Motion for a Written Proffer and Pre-Trial Determination of Admissibility of Co-Conspirators Statements (Doc. 391), and Motion to Produce (Doc. 326), as well as Co-Defendant Frank Smith's Motion to Strike Surplusage (Doc. 440), Motion for Disclosure of Brady and Giglio Evidence (Doc. 443), and Motion for a Written Proffer and Pre-Trial Determination of Admissibility of Co-Conspirators Statements (Doc. 444).

The Court has set aside the week of November 14, 2022 for oral argument on Dobbins' and his co-defendants' pretrial motions. In anticipation of this, the Court issued

a Writ of Habeas Corpus Ad Prosequendum for Dobbins' presence the week of November 14, 2022. On October 21, 2022, Dobbins' counsel filed the instant motion, stating that, after consultation with counsel, Dobbins has indicated that he does not wish to be physically present for oral argument the week of November 14, 2022. Instead, he states that he wishes to participate in the motion hearing by way of video teleconferencing, and if video teleconferencing fails or technical issues arise during the hearing, he wishes to proceed by telephone conferencing. Counsel further states that Dobbins understands that the Court has already issued a writ for his presence and that he "has a right to be present" for the motion hearings scheduled the week of November 14, 2022.

"[A]n accused person has a right to be present at every critical stage of a criminal proceeding against him." *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988). The Seventh Circuit has indicated that "a pretrial suppression hearing is a critical stage" of a criminal proceeding. *Id.* Nonetheless, the Seventh Circuit has explained that neither Federal Rule of Criminal Procedure 43 (to the extent that it applies to a conference or hearing on a pretrial motion),[1] nor the Constitution requires the presence of a defendant at such a hearing where the motion involves only questions of law. *Id.*

---

[1] A number of courts have found Rule 43 inapplicable to a variety of pretrial hearings including suppression, *Daubert*, and motions *in limine*. See e.g., *United States v. Karmue*, 841 F.3d 24, 28 (1st Cir. 2016) (it was not clear error under Rule 43 for the district court to conduct the second day of a *Daubert* hearing without the defendant's physical presence); *United States v. Burke*, 345 F.3d 416 (6th Cir. 2003) (noting that "the authorities are nearly unanimous that Rule 43's right to be present does not apply to pretrial suppression hearings"); *Taylor v. United States,* 385 F.2d 835, 836 (8th Cir. 1967) (no right to be present for a hearing on motions *in limine*). But See *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1998) (concluding that a pretrial suppression hearing is a "critical stage" of the judicial process and assuming without discussion that it is also part of the "trial" for purposes of Rule 43.

In the instant case, the Court has not yet evaluated each of Dobbins' pending motions to determine whether he has a right to be physically present for the same. Regardless, even assuming for purposes of this motion that Dobbins has a right to be physically present for oral argument on his motions, that right may be waived so long as the waiver is both knowing and voluntary. *See United States v. Watkins*, 983 F.2d 1413, 1418 (7th Cir. 1993). *See also Campbell v. Wood*, 18 F.3d 662, 671-72 (9th Cir. 1994) (a defendant may waive his or her constitutional right to be present at all critical stages of the proceeding "provided such waiver is voluntary, knowing, and intelligent.") (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

Having reviewed Dobbins' Motion to Proceed with Motion Hearings via Video Teleconferencing (Doc. 497), the Court finds that Dobbins' waiver of his right to be physically present at oral argument on his pending pretrial motions is knowing, voluntary, and intelligent. Accordingly, the motion is **GRANTED**.

**SO ORDERED.**

Dated: October 4, 2022

DAVID W. DUGAN
United States District Judge